Ruffin, C. J.,
dissentienle. The possession of the defendant was for about twenty years, and he then abandoned *526 the premises and they were vacant for five years. Sub* sequently he entered again, and was in possession for fifteen years, before the issuing of the grant, under which the plaintiff claims. The tendency of the adjudications in this Country follows the current of legislation, in shortening the periods, in which presumptions may be made, whether of deeds or grants or other things; and I have concurred with my brothers heretofore, and now, in saying thirty years possession of lands will authorize the presumption of a grant of them. That, I think, is the shortest period, which can be stated, as, in itself, creating a legal presumption of a grant. Some particular time must be fixed on ; and until the Legislature shall think proper to alter that prescribed by the statute, where the presumption from possession is aided by the other two circumstances of a colorable title and known and visible boundaries, it would seem the Courts could not admit less than a possession of thirty years to have that effect. In all the cases hitherto there has been a possession for the period of thirty years or more, expressly' stated, except one ; and in that it was said to have been for twenty five or thirty years by continued cultivation, and for several years more by such acts of ownership, as gettihg timber annually. 1 should think, therefore, that there had been a sufficient length of possession here — for about thirty-five years at different times — if it was of such a nature in other respects as to authorize a conclusive legal presumption, that a grant had issued for this land. It seems to me, that it is not of that nature, because of the chasm of five years between the different possessions ; so that there has been at no time a sufficient possession to constitute in itself a title. It has been the prevailing impression» that nothing less than along, continued possession will lay the foundation of a presumption of a deed or grant. As Lord Keeper Henley said, in Fanshaw v. Rotheram. 1 Eden 275, quieta, langa, el pacifica possessio is considered *527 as the best evidence of title. But it would seem from the very terms used in speaking of it and-from the nature of the thing, that it must be one possession, long and quiet. When we say that possession raises a presumptiop, we must admit, at the same time, that, when the possession ceases, the presumption must fall with it. Therefore it would seem, if the possession do not continue long enough to afford an inference of title in itself, that, upon its termination, the whole inference, which the possession up to that time tended ultimately to establish, vanished and the title was set at large again. When we say, that a particular thing or state of things creates a presumption in law, that thing or state of things must be complete, in order to have that effect.' This thing of possession, for example, may, though short of thirty years, be, with other facts and circumstances, very proper to be weighed by a jury as evidence, that a deed was formerly made ; but, if it be at all less than thirty years, it fails to establish, by presumption in law, the existence of the grant alleged. The reason why a possession, which is required by law of a particular duration, must be completed by an efflux of the whole time before it ceases, in order to its being at all efficacious is, that upon a cesser, the possession, being vacant, vests in the true owner by implication. Here upon the defendant’s going out, the possession, as well as the title, was in the State. It is like the case of a payment of a bond, presumed after the lapse of twenty years after it falls due. Less than twenty years will not authorize the Court to direct the jury to find the payment: and, if the obligor make a payment in the twentieth year, the day of that payment is the point of departure, not for the completion of the twenty years that were going on, but for a new twenty to commence then and be complete before the presumption will again arise. For my part, Í acknowledge, that it has always been my understanding, that, in all such cases, the benefit of a previous possession
*528 was lost, if interrupted before the whole period was ac. complished. Such are the terms of our statute of limitations, barring the entries of individuals or the title of the 'State. They require a continued possession under a claim of title. That provision is not arbitrary, but it is apt to the conclusion, which the acts allow to be drawn from the possessions prescribed in them. A possession continued for twenty one years, under certain circumstances, is a bar to an entry under the State. Why did the statute require the possession to be continued for that period ? Plainly because a continued possession only is any evidence of title. Men, who own land, do not generally, if ever, abandon it after taking possession. It would be the duty of the Court to require the same species of possession, when used to raise a presumption of a grant at common law, which the statute prescribes as to the cases within it. But the truth is, that the statute is expressed in that manner, only because at common law and in the nature of a presumption from possession, such possession must be continual, to be efficacious. That no one thought otherwise appears from the language, which fell from the Judges in almost every case that has come before them. In Hawks v. Tucker, 2 Hay. 147, it is called a “uniform” possession for twenty one years. In Fitzrandolph v. Norman, N. C. T. R. 132, there was a continued possession for forty six years and by the defendants •for thirty-five, and Chief Justice Taylor spoke of a “long continued possession” going to the jury independent of the act of 1791. It is true, that disconnected possessions •were then received in evidence ; but it was not as authorizing the Court to pronounce upon the presumption from them, but expressly as circumstances tobe weighed .by the jury. In Rogers v. Mabe, 4 Dev. 180, the Court .take notice, that there was a clear and “continued” occupation of the land for forty or fifty years after filling up all chasms. So in Chandler v, Lunsford, 1 Dev. & Bat. *529 407, there were thirty-five- years of “continued possession”by persons under each other. And in Morris v. Commander, 3 Ire. 500, the Court said, there must be an enjoyment “continually” for twenty years. So Lord Coke says, in Bedle v. Beard, that it is “in respect of an ancient and continual possession” that lawful grants are intended. 12 Rep. 5. Indeed, if disconnected possessions of this sort would answer, I presume some case would be found, either in England or in this Country, in which effect has been given to them. There are cases, in which divers, possessions and other acts of ownership have all gone to the jury together, as evidence to be weighed by them ? but, as far as 1 have been able to examine, consistently with my other duties, I have not been able to find a single-one, in which the Court has ventured to declare the presumption of a grant, where there was not continual adverse possession for the prescribed' period ; and I am for-adhering to the rule, as I know not what mischiefs may grow from the Court’s making these artificial presumptions, with less and less grounds for them. I think there-is but little danger, that possessions, when continual, cannot'be proved for the period adopted in this State. But in the present case, the fact is affirmatively shown, that the defendant was out of possession five years? and, therefore, this is no-t an instance, in which it can be apprehended, that the defendant with a good case had failed to prove it. For these reasons my opinion is that the judg* ment ought to be reversed.
Per Curiam.
Judgment affirmed.